Riley v. Lidtke.

---

PAT RILEY V. HERMAN LIDTKE.

FILED SEPTEMBER 16, 1896.   No. 6805.

1. **Husband and Wife:** SERVICES OF WIFE. The services which are due to the husband from his wife, and for the loss of which he may recover, are such duties and services as reasonably devolve upon her by reason of the marriage relation.

2. ———: ———. The performance of laundry work and sewing for others than her own family are not duties which devolve upon the wife by reason of the marriage relation.

3. ———: ———: NEGLIGENCE: DAMAGES: RECOVERY BY HUSBAND. If through the negligence of another the wife be injured and thereby rendered unable to perform her household duties, and her husband

is put to expense in having these duties performed ·by another, he may recover such necessary expense from the parties inflicting the injury.

4. ——: ——: ——: ——. Earnings acquired by the wife as a laundress and seamstress for others than ·her family do not belong to the husband, but are the sole and separate property of the wife, and in a suit by the husband for the loss of services of his wife such earnings cannot be considered in estimating his damages.

ERROR from the district court of Saunders county. Tried below before WHEELER, J.

*Clark & Allen,* for plaintiff in error.

*Frank Dean* and *W. D. Guttery, contra.*

RAGAN, C.

Herman Lidtke sued Pat Riley in the district court of Saunders county for damages. Lidtke alleged in his petition that on the 14th of March, 1890, while his wife was driving south in a carriage upon a public highway in said county, at a place where it was practicable, from the nature of the ground, for the driver of a carriage to turn to the right of the beaten track, she met Riley driving north on the highway in a carriage, and that he negligently neglected to turn his team to the right of the center of the road and the center of the beaten track thereof; the carriages of the two parties collided and his, Lidtke's, wife was thrown from her carriage, permanently injured, and by reason of the injuries had become an incurable invalid and unable to perform her work and duties as a wife, whereby he had been deprived of her services and companionship and put to great expense for her medical treatment, nursing, and medicines, to his damage. Lidtke had a verdict and judgment, to reverse which Riley has prosecuted here a petition in error.

On the trial to the jury Lidtke's wife, against the objection of Riley, was permitted to testify as follows:

Q. What was your occupation prior to the time of the injury, aside from housekeeping?

A. Making dresses.

Q. What did you do with your earnings from that labor?

A. I used them for my household.

Q. Then your earnings were not kept apart from your husband; you made a common interest?

A. No.

Q. Do you mean to say that you and your husband kept everything in common for the general good of the family?

A. Yes, sir.

Q. About what were your annual earnings from that source, Mrs. Lidtke, or say your weekly earnings?

A. Outside of the household, about $3 a week.

Mrs. Lidtke was also permitted, over the objection of Riley, to testify that prior to her injury she had been in the habit of doing laundry work for other families than her own, by which labor she earned about $1 per week, and that her earnings from this source were also applied to the support of her family.

Section 4, chapter 53, Compiled Statutes, provides: "Any married woman may carry on trade or business and perform any labor or services on her sole and separate account; and the earnings of any married woman from her trade, business, labor, or services shall be her sole and separate property, and may be used and invested by her in her own name." Lidtke's claim for damages in this action is based upon his contention that he had, through the injury of his wife, been deprived of her services and companionship and been put to expense in furnishing her nursing and medical treatment. By virtue of the provisions of the statute just quoted Lidtke was not entitled to what his wife earned as laundress or seamstress. By virtue of the marital relation a husband is entitled to such ordinary household services as his wife may render, and if, through the negligence of another,

the wife be injured and thereby unable to perform her household duties, and her husband is put to expense in having these duties performed by another, he may recover such necessary expense from the party inflicting the injury. But by virtue of the statute quoted above a husband is not entitled to what his wife may earn as a seamstress or laundress. The earnings of Mrs. Lidtke derived from those services were her sole and separate property, and the court erred in permitting this evidence, as it left the jury at liberty to take into consideration the amount of such earnings in fixing the damages the husband had sustained. By admitting this evidence the court, in effect, told the jury that the earnings received by Mrs. Lidtke as a seamstress or laundress belonged to her husband. The statute quoted above does not deprive the husband of his right of action for the loss of the services of his wife, but such services do not include sewing and washing for other than the husband's family. The services which are due to the husband from his wife, and for the loss of which he may recover, are such duties and services as reasonably devolve upon her by reason of the marriage relation. (*Omaha & R. V. R. Co. v. Chollette*, 41 Neb., 578.) The fact that Mrs. Lidtke, prior to her injury, had been accustomed to apply her earnings as a seamstress and laundress towards the support of her and her husband's family—that is, that she had been accustomed to give such earnings to her husband—did not make the evidence competent. To do laundry work and sewing for others than her own family was not a duty which was owing to her husband by reason of the marriage relation, and she might at any time cease to perform such labors without neglecting her duties as a wife. Had she been uninjured and continued to do laundry work and the work of a seamstress, she was under no legal obligation to continue to apply the earnings from those sources towards the support of her husband and family. The law presumes that a wife performs the duties and renders the services towards her family which grow out of

the marriage relation, and that she will continue to do so, but because a wife at one time gives to her husband for the support of the family the earnings which she derives from the performance of duties outside of those devolving upon her by reason of the marriage relation, the presumption cannot, therefore, be indulged that she will continue to do so.   For the error of the court in admitting the evidence quoted above, this judgment is reversed and the cause remanded.

REVERSED AND REMANDED.