Hillsborough, }
April 3, 1906. }

## Booth *v.* Manchester Street Railway.

The various legislative enactments modifying the common-law *status* of married women do not deprive the husband of his right to the wife's services as a member of his household, when the ordinary domestic relations exist between them.

A husband who lives with his wife in the ordinary family relation, each performing the usual duties incident thereto, may maintain an action against one who deprives him of her services in his household and the benefit of her society.

CASE, for negligently injuring the plaintiff's wife, whereby, it is alleged in the declaration, he "lost the comfort, assistance, society, and benefit of said Elmina Booth in his domestic affairs, which he might and otherwise would have had, and whereby also the plaintiff was obliged to expend, and did expend, large sums of money for medicine, medical services, and attendance in his endeavor to heal and cure the said Elmina Booth of her said injuries." The defendants' demurrer to the declaration was overruled, subject to their exception. Transferred from the September term, 1905, of the superior court by *Peaslee*, J.

*Taggart, Tuttle, Burroughs & Wyman*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

WALKER, J. The exception must be overruled. It is too plain for argument that the declaration states a cause of action with reference to the money expended by the plaintiff in caring for his wife. But it is contended in behalf of the defendant that no recovery can be had for the loss of the " comfort, assistance, society, and benefit " of his wife " in his domestic affairs," because it is claimed that the various legislative enactments enlarging the rights of the wife have in effect deprived the husband of any legal right he may have had at common law to her services; and that having no right thereto, he is not entitled to recover of a third person through whose negligence she has been prevented from performing the ordinary offices of a wife. The right of a husband to maintain such an action at common law is free from doubt. *Hopkins* v. *Railroad*, 36 N. H. 9. And while numerous statutory modifications of the common-law *status* of married women have been enacted (*Harris* v. *Webster*, 58 N. H. 481), it is not true that all her marital obligations have been superseded and that she has

no duties to perform incident to, or growing out of, the marital relation. The statutes "have not taken away the right of either party to the marital contract to have the affection, society, and aid of the other." *Ott* v. *Hentall*, 70 N. H. 231, 234. "Modern legislation enlarging the rights of married women as to contracts and torts has not destroyed the marital *status*, as defined by the common law." *Foote* v. *Nickerson*, 70 N. H. 496, 517. "The obligations, the disabilities, and the privileges, inherently consequent upon the marriage union, remain unchanged. . . . While unjust disabilities of the wife have been removed, there are implied stipulations of the contract which each party remains justly disabled to violate." *Laton* v. *Balcom*, 64 N. H. 92, 95, 96.

Legislation upon this subject is now embodied in chapter 176, Public Statutes. Section 2 provides that "every married woman shall have the same rights and remedies, and shall be subject to the same liabilities in relation to property held by her in her own right, as if she were unmarried, and may make contracts, and sue and be sued, in all matters in law and equity, and upon any contract by her made, or for any wrong by her done, as if she were unmarried: *Provided*, however, that the authority hereby given to make contracts shall not affect the laws heretofore in force as to contracts between husband and wife; and *provided*, also, that no contract or conveyance by a married woman, as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her, except a mortgage releasing her right of dower and homestead." If this statute authorizes her to contract with third parties for her labor, and to appropriate her earnings under such contract to her own use, it does not in terms, nor by reasonable implication, deprive the husband of his right to her services as a member of his household. If he has no exclusive right to her labor as against her (*Harmon* v. *Railroad*, 165 Mass. 100, 104), it is plain that when the ordinary domestic relations exist between them, and she is not engaged for her own advantage in some other occupation, he is entitled to the benefit of her services. In other words, if she does not see fit to exercise her statutory right with reference to her personal labor,—whatever that may be,—there is no evidence of a legislative intention to so far modify the marital *status* as to abolish the husband's common-law right, as against third parties, to her services as a wife in his family. If her rights were increased, his, though necessarily modified or abridged, were not abolished. He is still entitled to her services as at common law (*Hoyt* v. *White*, 46 N. H. 45; *Seaver* v. *Adams*, 66 N. H. 142), when she voluntarily renders them in the performance of marital duties in his family. Whether he may have broader rights in this respect, it is unnecessary to consider.

It is sufficient to hold for the purposes of this case, that when a husband and his wife have lived together in the ordinary family relation, each performing the usual duties incident thereto, the husband may maintain an action against one for the loss of her services and comfort as a wife, proximately caused by the defendant's act. *Kelley* v. *Railroad*, 168 Mass. 308; *Brooks* v. *Schwerin*, 54 N. Y. 343, 348; *Reynolds* v. *Robinson*, 64 N. Y. 589; *Southern Ry.* v. *Crowder*, 135 Ala. 417; *Baltimore etc. R. R.* v. *Glenn*, 66 Ohio St. 395; *Mewhirter* v. *Hatton*, 42 Ia. 288, 291; *Cullar* v. *Railway*, 84 Mo. App. 340; Rodg. Dom. Rel., *s.* 267; Cool. Torts 226, 227. Presumably, such was the state of facts referred to in the declaration, and it is not advisable to determine the legal effect of unusual and exceptional circumstances before they are alleged in the pleadings or presented by the evidence.

*Exception overruled.*

PARSONS, C. J., and CHASE and BINGHAM, JJ., concurred: YOUNG, J., concurred in the result, but was of the opinion that no recovery could be had for the loss of the wife's services.