# Town of Elba *v.* Bullard.

*Action for Damages for Injury Received by Falling Through Bridge.*

1. *Evidence; Competency; Res Inter Alios Acta.*—It was not competent. in action by the wife for personal injuries, to ask the husband if a physician had not advised him about six months before the happening of the accident, to have an operation performed upon the wife, as it was res inter alios acta.

2. *Same; Expert Witness; Question Assuming Facts.*—A question propounded to a physician "whether if the plaintiff's organs, which were removed, had been removed without any fall occurring, would she be in the same condition as she now is" assumes that a necessity for the removal of such organ existed before the injury, and was improper, since no evidence was introduced tending to show such necessity.

3. *Damages; Measure; Impairment of Earning Capacity.*—There may be a recovery for diminished capacity for earning money in the future, when the evidence shows that the injuries which disabled the person from performing labor are permanent.

[Town of Elba v. Bullard.]

4. *Same; Evidence.*—The measure of damages being the differ-ence between the earning capacity before and after the injury com-plained of, it is permissible to show the earnings of the injured person before and after injury.

5. *Husband and Wife; Action by Wife; Injury; Damages; Expen-ses Incurred.*—Construing together sections 2521, 2526, 2527 and 2529, Code of 1896, it is held that the expenses actually paid or in-curred by the wife on account of personal injuries received by her may become a legitimate claim in a suit by her for the injury.

6. *Same; Evidence.*—The evidence in this case examined and held to show that expenses of the cure of the injury were to be borne by the wife and were advanced by the husband as her agent.

7. *Trial; Instructions; Misleading.*—Where the evidence tended to show there was a verbal agreement between the husband and wife to convey to the husband eighty acres of land in payment for money advanced by him to effect the wife's cure, a charge is misleading which asserts that the verbal agreement of the wife with the husband to convey him her land to reimburse him for expenses incurred by him to effect her cure was not binding on her and should not be en-forced.

8. *Same; Assuming Facts.*—A charfge which asserts that unless the wife made a binding agreement with the husband to repay him for the expenses incurred by him in effecting her cure and on her account, then the verdict should not be for the plaintiff, assumes that the expenses paid for the wife by the husband were incurred by him on his own account, and not as her agent, which the evi-dence tended to show were the real facts.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Annie E. Bullard against the town of Elba. From a judgment for plaintiff, defendant appeals. Af-firmed.

· The plaintiff, appellee here, sued the defendant, the appellant, to recover damages for injury received by falling into or through a hole in a bridge which inter-sected and was a part of the sidewalk at the crossing of two streets in the said town. There were several counts in the complaint; but it is unnecessary to set them out, as no point is made on the pleading. The pleas are stated in the opinion of the court.

The thirty-fifth assignment of error is stated in the opinion of the court, and is the question to the witness Bullard. The thirty-ninth, fortieth, forty-first, and forty-.

second assignments of error relate to questions asked in reference to plaintiff's ability to work before her fall through the ditch, and the answer thereto that she could work before the fall, and had taken in sewing, and had looked after her household work, and questions with reference to her ability to work since the fall, and the answer thereto, that since her fall she could perform no work. The other objections to testimony are sufficiently set out in the opinion.

The evidence tended to show, and it was permitted to be introduced over defendant's objection, that by verbal agreement the wife released the husband from all liability on account of the doctor's attention, medicines, and nursing which was occasioned to her by the accident, and that, while he paid the bill, he did it as her agent, and in consideration of $200 he owed her and of a deed executed by her to him to 80 acres of land.

The following charges were requested by the defendant, and refused: "(1) The court charges the jury that the verbal agreement of Mrs. Bullard with her husband to convey him her land to reimburse him for the expenses he incurred in her sickness is not binding on her and should not be enforced. (2) Unless you believe from the evidence that Mrs. Bullard made a binding agreement with her husband to repay him for the expenses incurred by him in her sickness, and on her account, then you cannot find for the plaintiff for the money paid out by the husband for her."

There was judgment for plaintiff for $760 damages, and defendant appeals.

RILEY & WILKERSON, for appellant.—Plaintiff being a married woman and living with her husband and being engaged in no occupation other than that of her family duties, cannot recover damages for loss of earning ca-

[Town of Elba v. Bullard.]

pacity.—4 Sutherlin on Damages, 1249. Counsel discuss other assignments of error but cite no authority.

J. F. SANDERS, and M. SOLLIE, for appellee.—The advice the doctor gave the husband was res inter alios acta. It was competent to show that the wife could work before the fall.—A. & E. Ency. of Law, pp. 651-652.

HARALSON, J.—The record entry shows that "the defendant pleads, in short by consent, the general issue and contributory negligence." Issue was joined on these pleas.

Under this agreement, the trial proceeded, and the appellant admits, in brief of counsel, that it cannot insist on assignments of error from 1 to 34 inclusive, which related to pleas filed in the cause—other than the general issue—which related to the alleged contributory negligence of the plaintiff, numbered from 1 to 5, and those marked B and C. Plea A was on motion of plaintiff stricken, and no error is assigned therefor.

What remains are those assigned, numbered from 35 to 46, having reference to the admission and exclusion of evidence, and to charges refused.

The question to W. J. Bullard: "Is it not a fact that, about six months before this accident, Dr. Bradley advised you to carry your wife to Montgomery and have an operation performed on her for overitis?" was objected to by plaintiff for irrelevancy and immateriality, and the objection sustained. In this ruling there was no error.

The issue on the trial was for an injury occurring, as alleged, from the negligence of defendant in January, 1904, and the real question was whether the injury complained of was produced by the fall plaintiff received when she fell through the bridge on the 12th of January,

1904. What Dr. Bradley may have advised, six months before the injury was received, as to witness' carrying his wife to Montgomery for an operation was res inter alios. If Dr. Bradley gave him such advice, so long before the accident, this did not tend to show the fact of her physical condition at the time inquired about.

Questions propounded to plaintiff as to her ability to work, before and after the accident, the basis of errors assigned, numbered 39, 40, 41, and 42, were properly allowed. "In an action for damages for personal injuries, if such injuries are permanent (as the evidence tends to show they were in this case), and which disable the party from labor, and diminish his capacity to earn money in the future, there may be a recovery of such an amount as will be a fair compensation for the plaintiff's future diminished capacity to labor and earn money. To recover damages for loss of earning capacity, evidence of the earnings of the plaintiff before and after the injury is admissible for the purpose of comparison, the measure of damages being fixed with reference to the difference between plaintiff's earning capacity before and after the injury complained of."—8 Am. & Eng. Ency. Law, 651, 652.

Defendant asked plaintiff: "Didn't Dr. Bradley advise you, shortly after you fell through the bridge, to have the operation performed that was subsequently performed by Dr. Hill?" On the proof in this case, the question was immaterial.

The defendant inquired of Dr. Coston: "If the plaintiff's organs, which were removed by Dr. Hill, had been removed without any fall, would she be in the same condition as she now is?" For aught appearing from the testimony introduced, no necessity was shown to exist before plaintiff's fall, for removal of the organs; and the question assumes that such necessity did exist.

16 R

[Town of Elba v. Bullard.]

The earnings of the wife are her separate property, and she has, generally, full legal capacity to contract, as if she were sole, and may—within certain restrictions, not existing in this case—contract with her husband; and for injuries to her person she must sue alone.—Code 1896, §§ 2521, 2526, 2527, 2529. In *S. R. Co. v. Crowder*, 135 Ala. 427, 33 South. 335, it was properly held that, under these statutes, expenses actually paid or incurred by the wife, on account of personal injuries received by her, might become a legitimate claim in a suit by her.

The husband of plaintiff testified that he paid his wife's expenses for her as her agent. He gave the items of expense incurred by him for his wife as such agent, on account of her injury, amounting to some $450, and said: "To pay these expenses, my wife agreed (in part) that she would deed me her place, of 80 acres of land, which is worth $15 per acre. She drew up a deed to the land from her to me, several days ago, but this deed has never been executed by her to me."

The wife testified that the items of expense, as given by her husband, were correct, and she had agreed, verbally, to pay her husband for these items expended by him on her account and as her agent, and, to do this, had agreed to discharge him from an indebtedness of $300 which he owed her at the beginning of the treatment, and to convey to him 80 acres of land which her father had given to her, but had not yet deeded the same to him, and did not know why she had not done so. She was liable to her husband for the money which he had expended for her in paying the expenses, and her promise to repay him was a good one, supported by a valid consideration.

Under this evidence, it would seem that the expenses of the cure were to be borne by the wife, and she was

liable for them, and without reference to the 80 acres of land. The other items of expense she agreed to pay the husband, who was acting as her agent in the premises, amounted to about the same sum as the amount of the judgment recovered for her.

Charge 1 requested by defendant was properly refused. It was misleading.

Charge 2 requested by it was also properly refused. It assumes that the expenses paid for the wife by the husband as her agent were incurred by him on his own account, which, under the evidence, was incorrect.

The judgment below is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.