# McMeekin *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Evidence—Inadequacy of charge—Measure of damages—Husband and wife.*

1. In an action for damages for personal injuries, sustained as the result of the alleged negligence of the defendant in suddenly starting a car from which plaintiff was attempting to alight, it is not reversible error for the court to permit the plaintiff, in answer to a question about the conditions surrounding the approach to her home, to testify to her experiences closely following the accident, although this does not bear upon the question of the company's negligence.

2. Counsel cannot be heard to complain of the inadequacy of an otherwise correct charge, where the court gave them opportunity at the time to call attention to any omissions, and one of the defendant's counsel stated to the court that there was no omission.

3. It is not for the court to indicate the amount that should be awarded to a husband for injuries to his wife. This is for the jury alone after taking into consideration all of the facts of the case. In determining the amount the jury may consider the loss of the wife's services, assistance and companionship in managing his household, and any expenditures he had been put to as the result of her injuries.

Argued Oct. 13, 1910. Appeals, Nos. 161 and 162, Oct. T., 1910, by defendant, from judgment of C. P. Washington Co., May T., 1909, No. 54, on verdict for plaintiffs in case of J. Scott McMeekin and Lulu M. McMeekin, his wife, v. Pittsburg Railways Company. Be-

fore FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for damages for personal injuries. Before McILVAINE, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for J. Scott McMeekin for $4,000, and for Lulu McMeekin, $6,000. Defendant appealed.

*Errors assigned* were ruling on evidence and certain instructions.

*John H. Murdoch*, with him *Edgar B. Murdoch*, for appellant.

*Thomas H. Greer*, of *John M. Greer and Sons*, with him *James I. Brownson*, *John M. Greer* and *John B. Greer*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

On December 14, 1908, Lulu M. McMeekin, one of the plaintiffs below, got upon a car of the Pittsburg Railways Company in the city of Allegheny for the purpose of being carried to Keown station, a point beyond the city limits, but was informed that the car did not stop there and that she must get off and wait for another. According to her testimony, as she was attempting to alight from the car it was started and as a result of its starting, she fell into the street and sustained serious bodily injuries. On the appeals from the judgments on the verdict in favor of her and her husband we have five assignments of error. Only one of them relates to the admission of evidence; the other four complain of certain portions of the court's charge. Under objection, the following question put to the plaintiff was allowed: "In going from the station to your home describe the conditions surrounding the approach to it. Describe the conditions surrounding the approach to your home." In answer

to this she testified that when she got to Keown station and alighted from the car she was compelled to walk up a hill to her home, about a quarter of a mile distant, over a dirt road; that the weather was cold; that there was no place for her to stop on the road, and she had great difficulty in getting home. While this evidence might have been excluded without just cause of complaint on the part of the plaintiffs, its admission cannot be regarded as reversible error. It did not bear upon the question of the alleged negligence of the company, for that occurred in the city of Allegheny, and the jury certainly understood from the clear charge of the learned trial judge that unless the employees of the defendant company had started the car when Mrs. McMeekin was trying to alight from it, after having been told to get off, there could be no recovery. Her testimony, to which the defendant excepted, was merely an account of her experience closely following the accident, and tended to show that she had done nothing from the time she started from her home until she reached it to intensify the injuries which she had sustained by her fall from the car.

No complaint is made by the second and third assignments that erroneous instructions were given in those portions of the charge which are quoted in them. The complaint is that the court ought to have instructed the jury more fully on the matters to which their attention was called by those portions. At the conclusion of his charge the learned trial judge said to the jury, "And we leave the case with you, unless there is something we have omitted that counsel desire us to call attention to." The stenographer's notes show that after this was said one of the counsel for the defendant stated to the court that there was no omission in the charge. In view of this, complaint cannot now be heard of the court's omission to give fuller instructions to the jury on the matters to which their attention was called in the portions of the charge quoted in the second and third assignments of error, and they are therefore overruled.

The fourth and fifth assignments complain that, in charging on the measure of damages to which the husband might be entitled, no reference was made to the amount to be allowed him. The instructions of the court were that he was to be compensated for the loss of the services, assistance and companionship of his wife in managing his household and for any expenditures he had been put to as the result of her injuries. This was entirely correct: Henry v. Klopfer, 147 Pa. 178; Kelley v. Mayberry Twp., 154 Pa. 440; Platz v. McKean Twp., 178 Pa. 601. The amount of compensation to be awarded to him was what would fairly pay him for his losses resulting directly from the defendant's negligence. It was not for the court to indicate what this amount should be; that was for the jury alone, after taking into consideration all the facts in the case, and such were the instructions given them. They were clearly not erroneous, and if they were regarded as inadequate, opportunity, as already stated, was given to counsel for the defendant to ask that they be made fuller.

The assignments of error are overruled and the judgments are affirmed.