Argued June 21, affirmed July 10, 1917.

## ELLING *v.* BLAKE–McFALL CO.

(166 Pac. 57.)

**Husband and Wife—Loss of Consortium—Right of Action.**

1.   The enabling statute has not abridged the common-law right of a husband to the companionship, love and services of his wife, comprehended in the term "consortium," and his accompanying right to sue for loss thereof through her personal injury negligently inflicted by another.

> [As to right of husband to recover for loss of consortium in action for personal injuries to wife, where statute gives wife right of action for such injuries, see note in Ann. Cas. 1916C, 886.]

**Damages—Question for Jury—Loss of Consortium.**

2.   Compensation for loss by husband of consortium of wife is to be determined, not by direct evidence of its value, but by the jury from their observation, knowledge and experience.

**Pleading—Misjoinder of Causes—Waiver of Objection.**

3.   Objection to any misjoinder of claim for loss of consortium of wife with that for personal injuries to plaintiff is waived by not being taken by demurrer to complaint, pursuant to Section 68, subdivision 5, L. O. L.

**Appeal and Error—Instructions—Necessity of Requests.**

4.   Complaint may not be made of instruction substantially giving the law; more specific or different instruction not being requested.

Master and Servant—Collision of Autos—Injury to Guest—Contributory Negligence—Duty to Remonstrate or Warn—Instruction.

5. Instruction in action by one injured by collision of defendant's auto with that of one with whom plaintiff was riding as guest that, if plaintiff had reason to suspect carelessness or incompetency of the driver, it was his duty to remonstrate with or caution him against being careless, or to caution him concerning the operation of the car, and if he was running it at a dangerous rate of speed, and plaintiff knew of the rate and its danger, or in the exercise of reasonable prudence ought to have known and appreciated it, it was his duty to remonstrate against it and direct the driver to slacken it, and if he knew and appreciated the danger of a collision in time to avert it by promptly warning the driver, it was his duty to do so, substantially states the law.

New Trial—Causes of Action Open.

6. Failure of plaintiff on the first trial to sustain or press his second cause of action does not preclude him from introducing evidence in support thereof on the second trial; a new trial being had just as though there had never been a previous one.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is an action by Franz H. Elling against Blake-McFall Company, a corporation, for damages sustained by plaintiff by reason of an automobile collision. From the verdict of a jury in favor of plaintiff, defendant appealed. Affirmed.

Department 2.    Statement by MR. JUSTICE BEAN.

The plaintiff brings this action against the defendant company for the loss of consortium of his wife, and for personal injuries sustained by himself on account of the negligence of the defendant. It is alleged in substance that at all the times mentioned in the complaint, plaintiff and Christine Louise Elling, deceased, were husband and wife; that on July 15, 1914, they were riding as guests in an automobile operated by one J. W. Fournier which was proceeding in an easterly direction on East Burnside Street in the City of Portland, Oregon; that at the same time a machine driven by one Emery, an agent and employee of the defendant, was moving in a southerly direction

on East Twenty-fourth Street; that the two automobiles collided as a result of the negligence of the defendant's employee, in which collision the plaintiff was severely injured, and his wife then and there sustained injuries from the effects of which she subsequently died; that at the time of her death, she was strong and healthy and by reason of the premises and of her untimely decease, the plaintiff has been and is deprived of the society, comfort, companionship, consortium, and services of his wife, and has been and is thereby permanently injured and damaged in the full sum of $10,000.

For a second cause of action plaintiff avers that because of the negligence of the defendant, he sustained personal injuries to his damage in the sum of $5,000, and that he expended the sum of $159 for hospital and medical bills.

The answer denies the allegations of negligence, admits that the deceased wife was killed as a result of the accident, and affirmatively sets up contributory negligence of the driver of the automobile in which the plaintiff was riding in that the machine was proceeding at an excessive rate of speed and the plaintiff, aware of it, did not caution nor remonstrate with him on this account.

The reply put in issue the affirmative allegations of the answer. Upon the second trial of the cause before the court and jury a verdict was returned in favor of plaintiff for the sum of $3,184. After the rendition of the judgment thereon defendant appealed.

AFFIRMED.

For appellant there was a brief over the names of *Mr. F. C. Howell, Messrs. Dolph, Mallory, Simon & Gearin* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

For respondent there was a brief over the names of *Mr. Wilfred E. Farrell, Mr. E. K. Oppenheimer, Messrs. Davis & Farrell* and *Mr. Arthur M. Dibble,* with oral arguments by *Mr. Farrell* and *Mr. Oppenheimer.*

Mr. Justice Bean delivered the opinion of the court.

1, 2. It is submitted on behalf of defendant that the plaintiff husband cannot recover for the loss of consortium of his wife due to the negligence of the defendant. In its charge to the jury the trial court limited such loss, if any, to the time intervening between the injury and the death of the wife. *Marri* v. *Stamford St. R. Co.,* 84 Conn. 9 (78 Atl. 582, Ann. Cas. 1912B, 20, 33 L. R. A. (N. S.) 1042), is among the authorities supporting defendant's position. The rule enunciated there is not in harmony with the great weight of authority.

The legislation of modern times has greatly affected the status of married women by the recognition of their rights to a separate existence, thus empowering them to exercise dominion over their separate property, and to contract, and conferring upon them power to sue or be sued; but it has not in any wise abridged the common-law right of a husband to the companionship, love, and services of his wife which are comprehended in the term "consortium" and his accompanying right to sue therefor, in the event of its loss occasioned by some personal injury to her negligently inflicted by a third person: Note, 33 L. R. A. (N. S.) pp. 1042–1046; *City of Chattanooga* v. *Carter,* 132 Tenn. 609 (179 S. W. 127); *Southern R. Co.* v. *Crowder,* 135 Ala. 417 (33 South. 335); *Union Pac. Ry. Co.* v. *Jones,* 21 Colo. 340 (40 Pac. 891); *Blair* v. *Blooming-*

*ton & N. R. Elec. & Heating Co.*, 130 Ill. App. 400;
*City of Wyandotte* v. *Agan*, 37 Kan. 528 (15 Pac. 529);
*Mageau* v. *Great No. Ry. Co.*, 103 Minn. 290 (115
N. W. 651, 946, 14 Ann. Cas. 551, 15 L. R. A. (N. S.)
511); *Little Rock etc. Co.* v. *Coppedge*, 116 Ark. 334
(172 S. W. 885); *Indianapolis & M. Rapid Transit
Co.* v. *Reeder*, 51 Ind. App. 533 (100 N. E. 101);
*Omaha & R. Valley Co.* v. *Chollette*, 41 Neb. 578 (59
N. W. 921); *Booth* v. *Manchester St. R. Co.*, 73 N. H.
529 (63 Atl. 578); *Baltimore & O. R. Co.* v. *Glenn*, 66
Ohio St. 395 (64 N. E. 438); *Reeves* v. *Lutz*, 179
Mo. App. 61 (162 S. W. 280); *Birmingham So. R. Co.*
v. *Lintner*, 141 Ala. 420 (38 South. 363, 109 Am. St.
Rep. 40, 3 Ann. Cas. 461); *Denver Consol. Tramway
Co.* v. *Riley*, 14 Colo. App. 132 (59 Pac. 476); *Denver
& Rio Grande R. Co.* v. *Young*, 30 Colo. 349 (70 Pac.
688); *Georgia R. & Banking Co.* v. *Tice*, 124 Ga. 459
(52 S. E. 916, 4 Ann. Cas. 200); *Hutcheis* v. *Cedar
Rapids & Marion City Ry. Co.*, 128 Iowa, 279 (103
N. W. 779); *Chicago & M. Elec. R. Co.* v. *Krempel*,
116 Ill. App. 253; *Atchison, Topeka & Santa Fe R. Co.*
v. *Dickey*, 1 Kan. App. 770 (41 Pac. 1070); *Atchison,
Topeka & Santa Fe R. Co.* v. *McGinnis*, 46 Kan. 109
(26 Pac. 453); *City of Eskridge* v. *Lewis*, 51 Kan. 376
(32 Pac. 1104); *Riley* v. *Lidtke*, 49 Neb. 139 (68 N. W.
356); *Mewhirter* v. *Hatten*, 42 Iowa, 288 (20 Am. Rep.
618); *London* v. *Cunningham*, 1 Misc. 408 (20 N. Y.
Supp. 882, 49 N. Y. St. Rep. 447); *McKinney* v. *West-
ern Stage Co.*, 4 Iowa, 420; *Kirkpatrick* v. *Metropoli-
tan St. R. Co.*, 129 Mo. App. 524 (107 S. W. 1025);
*Partello* v. *Missouri P. R. Co.*, 141 Mo. App. 162 (107
S. W. 473); *Reagan* v. *Harlan*, 24 Penn. Super. Ct. 27,
and cases there cited; *Hewitt* v. *Pennsylvania R. Co.*,
228 Pa. 397 (77 Atl. 623); *Caswell* v. *No. Jersey St.*

*R. Co.*, 69 N. J. Law, 226 (54 Atl. 565); *McMeekin* v. *Pittsburg Ry. Co.*, 229 Pa. 572 (79 Atl. 133).

The enabling statutes were not intended to accomplish such a result as insisted upon by the defendant. The conjugal partnership between husband and wife still exists with its bonds of love, affection, and devotion, together with the attendant privileges and filial duty of each to contribute to the care and attention of the household, the comfort and convenience of each other, and the care, nurture,. and education of the children, in accordance with their mutual scriptural obligation. In all these relations and more the wife is and should be the helpmeet of the husband in conformity with their necessities and station in life without the expectation of pecuniary compensation or claim for the same. We are not in accord with the assertion that a husband is entitled to recover damages for the loss of the services of his wife only in actions for seduction, alienation of affections, and the like: See *Ainley* v. *Manhattan Ry. Co.*, 47 Hun (N. Y.), 206; 3 Blackstone, *139; 1 Cooley on Torts (3 ed.), 470. Compensation for the loss by a husband of consortium of his wife is to be determined not from direct evidence of its value, but by the jury from their observation, knowledge, and experience: *Union Pac. Ry. Co.* v. *Jones*, 21 Colo. 340 (40 Pac. 891).

3. It is argued by defendant that the claim for the loss of consortium of the wife was improperly joined with that for personal injuries to the plaintiff. If this is correct the proper procedure to challenge the complaint was by a demurrer for that reason: Section 68, L. O. L., subd. 5. If no such objection is taken by demurrer the defendant is deemed to have waived the same.

There was no error in charging the jury over the objection and exception of defendant's counsel that if they found for the plaintiff they might include in the verdict compensation to the plaintiff for the damages, if any, resulting to him from the loss of the services and companionship of his wife from the date of the accident to the time of her death. Neither was the court wrong in refusing to instruct the jury as requested in conformity with the contention of the defendant.

4, 5.  Criticism is made that the court failed to instruct the jury that it was the duty of the plaintiff to remonstrate or warn the driver of the car if he was conscious that the automobile was being operated at an excessive rate of speed. The court charged the jury upon this phase of the case as follows:

"The plaintiff in this case was required to exercise reasonable care; that is, that degree of care which a person of reasonable prudence would exercise in the situation in which he was placed. If he had reason to suspect carelessness or incompetency on the part of the driver, it was his duty to protest and remonstrate with or caution him against being careless, or to caution him concerning the operation of the car, and if the driver was running the car at a dangerous rate of speed, and the plaintiff knew of the rate of speed and its danger, or, in the exercise of reasonable prudence, ought to have known and appreciated it, it was his duty to remonstrate against such speed, and direct the driver to slacken the same, and if he knew and appreciated the danger of a collision in time to avert it by promptly warning the driver, it was his duty to do so."

We find no request for any more specific or different instruction upon this point. The law was given to the jury substantially as announced in *Rogers* v. *Portland Ry. L. & P. Co.*, 66 Or. 244, 251 (134 Pac.

9); and in *Tonseth* v. *Portland Ry. L. & P. Co.*, 70 Or. 341 (141 Pac. 868).

6.   Upon a motion for a new trial defendant showed by affidavit that at a former trial of this cause before another judge, the plaintiff did not press his claim for loss of services of the wife, and defendant now contends that he was precluded from introducing evidence upon this point at the second trial. There appears to have been no order of the court made at the first hearing in regard to the pleading. No showing was made upon the second trial by which the court would be informed as to the procedure at the first.   Defendant speculated upon the verdict of the jury and raised a question as to the condition of the pleadings after the rendition thereof.   The failure of the plaintiff to sustain the second cause of action or a waiver thereof at the first trial did not preclude him from putting in evidence in support of the same upon the second trial.   The new trial is had just as though there had never been a previous one: 14 Ency. Pl. & Pr. 992; *Dows* v. *Swett*, 127 Mass. 364; *Deiermann* v. *Bemis Bros. Bag Co.*, 144 Mo. App. 474 (129 S. W. 229); *Murphy* v. *Gillum*, 79 Mo. App. 564; *Star Bottling Co.* v. *Louisiana Purchase Exposition Co.*, 240 Mo. 634 (144 S. W. 776).

From an examination of the record we find no error therein.   The judgment of the Circuit Court is therefore affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.