## JOHN READDY v. BOR. OF SHAMOKIN. (2)

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 26, 1890—Decided October 6, 1890.

1. A specification of error to the admission of evidence which does not set out the evidence admitted under the offer, and show that a bill of exceptions was sealed, is not in accordance with Rule XXIV. of the Supreme Court, and will not be considered.
2. A specification that the court erred in not directing the jury to find a verdict for the defendant, under all the evidence in the case, will not be sustained when no request was made in the court below that such instruction should be given.
3. In an action against a borough to recover damages for injuries received by the plaintiff's wife by falling upon a defective pavement, the plaintiff is entitled to recover for any temporary or permanent loss of earning power of the wife, and his expenses incurred for her medical attendance.
4. Where there was evidence that there was an offset of from nine to fifteen inches in depth in the sidewalk, it was proper to submit to the jury to find whether the sidewalk was in a dangerous condition, so that it was negligence in the borough to permit it to remain so.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 47 July Term 1890, Sup. Ct.; court below, No. 20 December Term 1886, C. P.

On September 8, 1886, John Readdy brought case against the borough of Shamokin to recover damages for injuries received by his wife, Mary Readdy, by falling upon a defective pavement. Issue.

At the trial on March 17, 1890, facts were shown sufficiently

Charge of Court below.

appearing in the report of Readdy v. Shamokin Bor., ante p. 92, to which reference is made.

At the close of the testimony the court, ROCKEFELLER, P. J., charged the jury in part as follows:

[It is the duty of borough authorities to keep the streets and sidewalks of the borough in repair, and in a reasonably safe condition for public travel.  The sidewalks are intended for people to travel upon, on foot, and it is their duty to keep them in a reasonably safe condition for such travel.  If they neglect their duty, in this respect; if they allow the sidewalks to be out of repair and to remain so, and a person traveling along the sidewalk is injured in consequence of a defect, without any contributing negligence on the part of the person walking along the sidewalk, the borough is liable to pay damages for injuries which are inflicted in consequence of their negligence.  It is claimed here, that on the east side of Shamokin street, on a line between the lands of Mrs. Robinson and Mr. Weir, there was an offset in the walk; that the walk in front of Mrs. Robinson's property was considerably higher than the walk in front of Mr. Wier's; that the break was, one of the witnesses puts it, as high as from twelve to fifteen inches, and the borough surveyor puts it at nine inches and a fraction or ten inches and a fraction, I forget which.  This evidence is submitted to you, and it is for you to say whether this constituted a dangerous sidewalk; whether the sidewalk at this point was in such a defective condition as to be dangerous, so that it was negligence on the part of the borough authorities to permit it to remain in that condition.] [3] . . . . .

On the part of the defendant we are asked to say to you [inter alia]:

2. That the plaintiff can recover only, if at all, for the loss of the services, etc., of his wife, up to the bringing of this suit, and such other expenses as the plaintiff has shown that he incurred by reason of the accident.

Answer: This point we do not affirm.  We have already said to you that the plaintiff is entitled to recover for any temporary or permanent loss of earning power of the wife, and he is also entitled to recover for any expenses he has been put to for taking care of his wife and for medical attendance. [2]

—The jury returned a verdict in favor of the plaintiff for

$962.  A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, specifying that the court erred:

1. In not directing the jury to find a verdict for the defendant, under all the evidence in the case.

2. In the answer to the defendant's point.[2]

3. In the part of the charge embraced in [ ] [3]

4–9. In the admission of certain offers of testimony by plaintiff, the assignments not setting out the evidence admitted under the offers, or showing that exceptions were sealed thereto.

*Mr. S. B. Boyer* and *Mr. J. W. Gillespie*, for the appellant.

*Mr. P. A. Mahon* and *Mr. George W. Ryon*, for the appellee.

PER CURIAM:

The assignments of error, from four to nine inclusive, do not conform to the Rules of Court, and will not be considered.

The first assignment alleges that the court below erred in not directing a verdict for defendant.  The court was not asked for such an instruction, and if such a point had been submitted it would not have availed, as the case could not have been withdrawn from the jury.  Nor is error perceived in the answer to the defendant's second point, nor in the general charge.  See second and third assignments.  The question was fairly submitted to the jury whether the break in the sidewalk, variously estimated by the witnesses at from nine to fifteen inches, constituted a dangerous sidewalk, and whether it was negligence on the part of the borough authorities to permit it to remain in this condition.  The jury have found the negligence, and, as the case was submitted under proper instructions as to the law, the verdict and judgment must stand.

Judgment affirmed.