# Hewitt *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Damages—Husband and wife—Services of wife.*

Recovery by a husband for the loss of the services of his wife includes not only services in the ordinary sense of the word but the assistance and comfort which under the circumstances he would receive from her; and the recovery for his loss is not limited to the period before suit was commenced.

Argued April 25, 1910. Appeal, No. 230, Jan. T., 1909, by defendant, from judgment of C. P. Erie Co., Nov. T., 1907, No. 78, on verdict for plaintiff in case of Edwin L. Hewitt and Vilettie A. Hewitt, his wife, each suing in his or her own right, v. Pennsylvania Railroad Company.

Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WALLING, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for Edwin L. Hewitt for $2,924 and for Vilettie A. Hewitt for $5,000. Defendant appealed.

*Errors assigned* were various instructions as to damages.

*J. Ross Thompson* and *U. P. Rossiter,* of *Thompson, Rossiter & Thompson,* for appellant.

*I. B. Brown,* with him *G. T. Kincaid,* for appellee.

PER CURIAM, May 24, 1910:

This was an action by a husband and wife to recover damages sustained by reason of the injury of the latter, while a passenger in the defendant's car. There was no denial of liability, and the only subject of dispute was the amount of damages which each of the plaintiffs had sustained. The measure of damages was somewhat complicated by proof of the ill health of the wife before the accident, which created a doubt as to the extent to which her physical condition at the trial was due to the injuries sustained while in the car. But this question and all others that arose were submitted to the jury in a charge of exceptional clearness and precision, in which the recovery by either of the plaintiffs was limited to damages shown by the weight of the testimony to have resulted from the accident. Recovery by a husband for the loss of the services of his wife, includes not only services in the ordinary sense of the word but the assistance and comfort which under the circumstances he would receive from her: Kelley v. Mayberry Twp., 154 Pa. 440, and the recovery for his loss is not limited to the period before suit was commenced: Readdy v. Shamokin Borough, 137 Pa. 98.

The judgment is affirmed.