## LYOPHILE–CRYOCHEM CORPORATION et al. v. CUTTER LABORATORIES, Inc.

### No. 26970–R.

District Court, N. D. California, S. D.

Aug. 9, 1948.

See also 78 F.Supp. 905.

Naylor & Lassagne and Theodore H. Lassange, all of San Francisco, Cal., and Frank E. Barrows and Roger T. McLean, both of New York City, for plaintiffs.

Mellin & Hanscom, Oscar A. Mellin, LeRoy Hanscom, and Jack E. Hursh, all of San Francisco, Cal., for defendant.

YANKWICH, District Judge.

The various motions of the defendant heretofore made, argued and submitted are now decided as follows:

## I

The motion of the defendant, Cutter Laboratories, Inc., made on July 30, 1948, for a directed verdict for the defendant upon the cause of action alleged in the complaint, on which ruling was reserved by the court, is hereby denied.

## II

The motion of the defendant, Cutter Laboratories, Inc., made on August 2, 1948, for judgment notwithstanding the verdict, and the motion in the alternative for a new trial are, and each of them is, hereby denied.

### Comment

The question of the invalidity of the patents in suit, Reichel, Re. 20,969 and Flosdorf 2,345,548, and the question of the infringement of certain claims, 6, 11, 12, 13 as to Reichel, and 4 and 5 as to Flosdorf, were submitted to the jury under instructions which were not excepted to by either side.

▮ The plaintiffs' action being at law, they were entitled to have these issues determined by a jury. Its determination should stand, unless I am convinced that the conclusion was so erroneous, from a legal standpoint, as to call for a verdict for the defendant, notwithstanding the jury's verdict for the plaintiff, or was so contrary by the weight of the evidence as to warrant the court's granting a new trial. A directed verdict and a judgment notwithstanding the verdict would be justified in this case only if I were convinced that the interpretation of the patent, *which is at all times a judicial function,* spells invalidity upon any of the grounds advanced by the defendant, such as lack of invention, anticipation and the like. Rightly. For, of necessity, such interpretation would involve a purely legal question. See my recent opinion in Boulter v. Commercial Standars Ins. Co., 78 F. Supp. 895.

▮ However, a study of the problem leads me to the conclusion that none of the defenses presented by the defendant can be solved on legal grounds alone. I can find neither defect in the claims, nor estoppel in the Patent Office, nor anticipation in the prior art, as a matter of law. Hence, I cannot, after a verdict for the plaintiffs, direct a verdict for the defendant and order judgment notwithstanding the verdict. In the case just referred to, I became convinced, after the trial, that the problem which was submitted to the jury, was not factual but legal and that the admitted facts called for a judgment the other way. Here, as before stated, I am unable to reach such conclusion.

▮ I realize that, notwithstanding this conclusion, I may still grant a new trial, because, as to a motion for a new trial, my powers are greater than those which I have as to a directed verdict or as to a judgment notwithstanding the verdict. For, a motion for a new trial may be granted if the trial judge is satisfied that the preponderance of the evidence is against the verdict, although of a character to lead reasonable persons to different conclusions. However, as I have stated repeatedly, except in extreme cases, the trial judge should not substitute his judgment on the facts for that of the jury. See my opinion in Caldwell v. Southern Pac. Co., 1947, D.C.Cal., 71 F.Supp. 955, 962, 963. And I do not think this case is of the character which would warrant such action. Hence, the rulings above stated.