GROBENGIESER et al. v. CLEARFIELD CHEESE CO., Inc. (BUYDOS, third party defendant).

Civ. A. No. 6934.

United States District Court
W. D. Pennsylvania.

Dec. 5, 1950.

Harry Savage (of Margiotti & Casey), Pittsburgh, Pa., for plaintiffs.

Stanford M. Chilcote, of Dickie, Robinson & McCamey), Pittsburgh, Pa., for defendant.

Milton W. Lamproplos (of Smith, Buchanan & Ingersoll), Pittsburgh, Pa., for third party defendant.

GOURLEY, District Judge.

This proceeding relates to claims for damages arising out of an automobile accident. The jury returned the following verdicts:

(a) Damages in the amount of $8,850.00 to the plaintiffs, Ethel Grobengieser and John Grobengieser, against Clearfield Cheese Company, a corporation, original defendant, and J. L. Buydos, Third Party Defendant:

(1) To the plaintiff, Ethel Grobengieser, $5,000.00.

(2) To the plaintiff, John Grobengieser, $3,850.00.

(b) Damages in the amount of $6,150.00 in favor of Virginia M. Buydos against Clearfield Cheese Company, a corporation, original defendant, and J. L. Buydos, Third Party Defendant.

Motions for a new trial have been filed by both defendants. It is contended:

(a) Negligence does not exist as to J. L. Buydos, Third Party Defendant.

(b) The verdicts are excessive.

(c) No evidence exists as to impairment of earning power of the plaintiffs, Ethel Grobengieser or Virginia M. Buydos.

(d) The court erred in instructing the jury relative to impairment of earning power.

The plaintiffs were residents of Missouri, the original defendant a resident of Pennsylvania, and the accident occurred in Pennsylvania.

■ All inferences most favorable to the plaintiffs must be taken from the evidence. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable. Masterson v. Pennsylvania R. Co., 3 Cir. 182 F.2d 793.

■ Federal jurisdiction is based solely on diversity of citizenship. The court must, therefore, apply the law of the state in which the action is brought, including such state's conflict of laws rules. Reference must, therefore, be made to the place of the tort for the legal effect to be given the facts and evidence. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908.

Pennsylvania law, therefore, applies.

■ No useful purpose could be served by making reference to the circumstances of the accident. Suffice to say, there is evidence to sustain the finding of negligence against both the original and Third Party Defendants, and the motion for new trial as to liability in each instance must be denied.

■ The verdict of the jury should be set aside as excessive only if so grossly excessive as to shock the conscience of the court, or if it clearly manifests that the verdict was a result of mistake, caprice, prejudice, or other improper motive, and not merely because the judge, had he tried the case without a jury, would have awarded less damages. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

In determining whether or not the verdicts are excessive, it becomes necessary to consider the various items which each plaintiff was entitled to recover.

■ Claim of John Grobengieser—

(a) Bills, expenses and any expenditures made on behalf of his wife, Ethel Grobengieser, as a result of the accident.

(b) Loss of consortium.

(c) Value of automobile.

The special damages which John Grobengieser had as a result of the accident, construed in a light most favorable to him, aggregate $1,127.00. Since the verdict returned was $3,850.00, the amount of $2,723.00, by necessity, was returned for loss of consortium. The problem is, therefore, confined to the question as to whether or not the amount of $2,723.00 for the loss of consortium is such as to shock the conscience of the Court, or if there is substantial evidence to support said amount.

Consortium is a right growing out of the marital relationship, and comprises affection, companionship, love, fellowship, and the many acts, deeds and assistance which a wife renders to a husband to secure the success and happiness of a normal married relationship. Hewitt v. Pennsylvania R. Co., 228 Pa. 397, 77 A. 623.

The injuries suffered by Ethel Grobengieser resulted in considerable discomfort in many respects, which conditions in part continued at the time of trial. She was hospitalized for five days, suffered severe and frequent headaches for a certain period of time, had pain in the sacroiliac region, and was incapable of performing her normal household duties for a period of approximately six months. She remained under a doctor's attention for over a year, with a continuing experience of severe headaches with less regularity.

In view of the circumstances and construing the testimony in a light most favorable to the plaintiff, I do not believe that the amount awarded for loss of consortium was excessive.

**■ Claim of Ethel Grobengieser—**

(a) Pain and suffering, inconvenience, impairment of earning power, humiliation and mental suffering due to disfigurement.

The testimony indicates Ethel Grobengieser was hospitalized for five days, experiencing periodic unconsciousness. Medical testimony reveals that she sustained a two-inch laceration to the back of the head. A flap had been torn from her scalp to the depth of the bone. Infection set in, and a rubber drain was inserted which had to be retained for some time. As a consequence of this injury, she suffered severe and frequent headaches. These headaches continue to recur but their frequency has considerably decreased. In addition, contusions were inflicted upon her ribs. A black and blue mark developed to the left of her left breast which was quite painful upon respiration. Her spine sustained injury and proved painful upon motion. She suffered pain in the back of her neck. She further complained about visual difficulty. A tender scar remains on the scalp which restricts combing and disallows beauty treatment. The apparent effects of these latter injuries have worn off, with the one remaining symptom of recurring headaches.

The fact that one is not employed at the time of an injury would not justify the court in excluding the possibility of future employment. Vol. 25, Corpus Juris Secundum, Damages, § 87, page 620; Campbell v. City of Philadelphia, Appellant, 252 Pa. 387, 97 A. 456.

The test is whether or not the capacity to earn has been diminished as a result of the injury. That is, the award must be based on the loss of earning power. Leonhardt v. Green, Appellant, 251 Pa. 579, 96 A. 1096; Tingle v. Curtis-Martin Newspapers, Inc., 318 Pa. 537, 179 A. 80; McCaffrey v. Schwartz, Appellant, 285 Pa. 561, 132 A. 810.

On the basis of the foregoing rules of law, it remained for the determination of the jury as to whether the injuries sustained by Ethel Grobengieser resulted in an impairment of her earning power.

In view of the injuries, construing plaintiff's case most favorable to her, a jury award of $5,000.00 does not appear beyond the bounds of a reasonable verdict.

**■ Claim of Virginia M. Buydos—**

(a) Pain, suffering and inconvenience.

Virginia M. Buydos sustained lacerations of the head and was in a state of shock for several hours. She was hospitalized four days, and did not work for several weeks although her salary was paid during said period. No medical testimony was presented relative to her injuries, a complete recovery exists, and no evidence exists as to impairment of earning power.

In view of the foregoing, the only measure of damages which Virginia M. Buydos was entitled to recover was reasonable compensation for pain, suffering and inconvenience—past, present and future.

It is my considered judgment that the award of the jury in the amount of $6,150.00 for pain, suffering and inconvenience is grossly excessive and violently shocks the conscience of the Court. An award of $1,500.00 would be fair, ample and just.

**■ Where the court considers the verdict** returned in favor of the plaintiff as excessive, the proper procedure is not to grant a new trial absolutely but only conditionally, with an order of remitter. Culver v. Lehigh Valley Transit Co., 322 Pa. 503, 186 A. 70.

The award made in behalf of John Grobengieser appears reasonable.

The award made in behalf of Ethel Grobengieser appears reasonable.

It will be directed that Virginia M. Buydos remit all in excess of $1,500.00 within ten days upon condition that a new trial be granted if she fails to do so.