**BOLOGACH et ux.**

v.

**UNITED STATES.**

Civ. A. No. 3808.

United States District Court
M. D. Pennsylvania.

July 27, 1954.

Philip & Philip, Palmerton, Pa., for plaintiffs.

J. Julius Levy, U. S. Atty., Scranton, Pa., for defendant.

FOLLMER, District Judge.

This is an action for money damages brought against the United States of America by the plaintiffs, John S. Bologach and Helen Bologach, his wife, under the provisions of 28 U.S.C. §§ 1346 (b), 2671–2680, for personal injuries of Helen Bologach and incidental damages and loss of assistance and society by the husband, John S. Bologach.

On the basis of the pleadings and the testimony, I make the following

### Findings of Fact

1. The plaintiffs, John S. Bologach and Helen Bologach, are husband and wife and both are residents of Lehighton, R.F.D., Mahoning Township, Carbon County, Pennsylvania.

2. The United States of America is a corporation sovereign.

3. On February 6, 1950, at about 10:30 o'clock A.M., Helen Bologach was a passenger in a 1950 Chevrolet sedan owned by Oliver Rex and operated by him in an easterly direction on Blakeslee Boulevard, (otherwise known as Route No. 443) in the Borough of Lehighton, Carbon County, Pennsylvania.

4. At the same time and place, Corporal Gilbert J. Jankowiak, a member of the United States Army acting within the scope of his employment, was operating a United States Army Staff car, 1942 Chevrolet, in a westerly direction on said highway.

5. It was snowing, the road was covered with wet snow and was very slippery.

6. Neither car had chains on.

7. At the time of impact, the Rex car was practically at a standstill with both right wheels on the berm on its side of the road.

8. The driver of the Army car, while traveling in excess of thirty miles per hour, drove the same so that the right wheels went onto the berm of the highway and his attempt to return to the highway, at the speed and under the conditions then prevailing, caused the car to go into a skid which sent it across the road, turning the car completely around and crashing into the Rex car.

9. The Army car was traveling at an excessive rate of speed under the circumstances and conditions then prevailing.

10. The driver of the Army car was negligent in not having chains on it.

11. The driver of the Army car was negligent in attempting to drive his car from the berm onto the highway without reducing speed, under the circumstances and road conditions then prevailing.

12. There was no contributory negligence on the part of the plaintiffs.

13. As a result of the impact, Helen Bologach's head was thrown against the windshield with sufficient force to break through the glass, causing extensive damage to her face and head.

14. Helen Bologach had been employed for about one and one-half years prior to the accident at the rate of $20 per week, although at the time of the accident, through no fault of her own, she was temporarily unemployed and was drawing unemployment compensation. The same job to-day is averaging $30 per week.

15. As the result of the accident, Helen Bologach suffered a concussion, was rendered unconscious and lapsed into a state of neurogenic shock; she received severe bruises of the right knee, lacerations of both eyelids, face and head; the bridge of her nose was completely destroyed and the two lobes of the nose were turned over and hanging free.

16. Following the accident Helen Bologach was taken by ambulance to the Palmerton Hospital where an emergency operation was performed to restore as far as possible the bones of her nose. A portion of skin was transplanted from her thigh to her nose.

17. For a period of one year following the accident Helen Bologach was unable to completely close her eyes, and multiple scars of both upper eyelids remain.

18. The operation performed on Helen Bologach's nose immediately upon her admission to the hospital was intended only as a temporary measure. The cosmetic appearance of her nose to-day is offensive, there is a pronounced bump on the forward portion of the nose and a severe concavity or depression in the upper portion of it, and the present skin graft does not blend with the remaining skin of the face.

19. The only covering over the bones of the nose is a thin piece of grafted skin and there is a marked tenderness and sensitivity of the nose which prevents her from blowing her nose.

20. The present appearance of her nose has caused a psychological reaction of shame, embarrassment and mental distress, rendering her nervous and shy and resulting in her avoiding society and appearance in public places and returning to work.

21. On the day of the accident Helen Bologach was 32 years of age and prior to the accident, her nose was normal and her health good.

22. A plastic surgery operation to rebuild, restore and repair Helen Bologach's nose is essential for cosmetic and medical reasons.

23. Such an operation would be considered a "major" operation, involving as a minimum four separate operations, entailing a complete breaking down and

rebuilding of the nose, skin graft, and hospitalization of approximately forty days.

24. A plastic surgery operation on Helen Bologach's nose, even if successful, will restore her face to only seventy per cent. of its normal appearance and will not restore her lost sense of feeling or sensation to the nose.

25. Because of the injuries sustained in the collision and as a residual of these injuries, Helen Bologach presently suffers headaches five or six days each week, and is extremely nervous.

26. As a result of the said collision, Helen Bologach suffered a loss in damage to her clothing in the sum of $35.

27. As a result of the injuries and resultant embarrassment suffered by Helen Bologach, she was obliged to refrain from gainful occupation from shortly after the accident until the present time, with a resultant loss of wages to her in the sum of $3,500.

28. John S. Bologach, husband plaintiff, lost wages by reason of having to be absent from his regular job to attend his wife, Helen Bologach, after the accident in the sum of $31.35.

29. John S. Bologach, husband plaintiff, incurred medical and hospital expenses in the sum of $279.30 in connection with the treatment of his wife, Helen Bologach, for the injuries sustained by her in the said collision.

30. John S. Bologach, husband plaintiff, will be required to incur medical and surgical expenses in the future in the sum of $1,500 for the hospitalization and plastic surgery operation on the nose of his wife, Helen Bologach.

31. John S. Bologach, husband plaintiff, has been in the past, and will be in the future, deprived of the assistance and society of his wife, Helen Bologach, by reason of the injuries sustained by her in the collision.

32. The damages Helen Bologach is entitled to recover for her disfigurement and the pain and suffering which she has endured and will continue to endure in the future, in part for the balance of her life, are $20,000.

33. The present value of the future losses and damages of John S. Bologach due to loss of consortium as the result of the said injuries to his wife, Helen Bologach, is $2,500.

Conclusions of Law

1. This Court has jurisdiction of the subject matter and the parties to this action by virtue of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

2. An inference of negligence arises by reason of the Army car being on its own left-hand side of the highway. Rosenal v. United States, D.C.W.D.Pa., 94 F.Supp. 1004; Hast v. United States, D.C.W.D.Pa., 96 F.Supp. 207.

3. The driver of the Army car was negligent in driving without chains on a slippery highway, and in driving off the road onto the berm.

4. The driver of the Army car was negligent in attempting to drive the Army car back onto the concrete highway from the berm at a speed of approximately thirty miles an hour, under the conditions and circumstances then existing including the slippery condition of the highway.

5. The driver of the Army car was negligent in operating the Army car at an excessive rate of speed under the conditions then prevailing.

6. The driver of the Army car was negligent in operating his car without having it under proper control.

7. The negligence of the driver of the Army car was the proximate cause of the accident and the consequent damages sustained by the plaintiffs.

8. The plaintiffs were not guilty of contributory negligence.

9. Helen Bologach, being independently employed prior to her accident, is entitled to recover in her own right loss of wages occasioned by the accident. 48 P.S.Pa. § 34.

10. John S. Bologach, husband plaintiff, is entitled to loss of consortium occasioned by the injuries sustained by his wife, Helen Bologach, as the result of the accident. Hewitt v. Pennsylvania Railroad Company, 228 Pa. 397, 77 A. 623; Grobengieser v. Clearfield Cheese Co., Inc., D.C.W.D.Pa., 1950, 94 F.Supp. 402.

11. The total damage which Helen Bologach is entitled to recover against the United States of America is $23,535.

12. The total damage which John S. Bologach is entitled to recover against the United States of America is $4,310.65.

### Order

And now, to wit, July 27, 1954, in accordance with the foregoing Findings of Fact and Conclusions of Law, judgment is entered against the United States of America and in favor of Helen Bologach for the sum of $23,535, and against the United States of America and in favor of John S. Bologach for the sum of $4,310.65.