Mr. and Mrs. Harold C. LABUFF,

v.

TEXAS & NEW ORLEANS RAIL-
ROAD COMPANY.

No. 4376.

United States District Court
W. D. Louisiana, Lake Charles Division.

Dec. 20, 1954.

Bass & Nichols, Lake Charles, La., for plaintiffs.

Porter & Stewart, Lake Charles, La., for defendant.

HUNTER, District Judge.

This is an action by Mr. and Mrs. Harold C. LaBuff of Kinder, Louisiana to recover damages against the defendant for the alleged wrongful death of their minor son, Franklin D. LaBuff.

On the morning of December 27, 1952 the boy was picked up at Kinder by Mr. and Mrs. Huey L. Francis. The car in which Mr. and Mrs. Francis and Franklin LaBuff were riding proceeded West on U. S. Highway 190, a distance of approximately 22 miles from the point where Franklin LaBuff was picked up to the railroad tracks of defendant which crossed the highway at Fulton, Louisiana in Beauregard Parish. The car was being driven by Mr. Francis. It was hit by an engine of the defendant which was proceeding North. All three occupants of the car were killed. At the time of the accident Franklin LaBuff was 19 years of age, unmarried, and had his home with his parents, the plaintiffs.

The case was tried on its merits resulting in a verdict of the jury in favor of plaintiffs in the amount of $10,000 for Mrs. LaBuff and $15,000 for Mr. LaBuff. At the close of plaintiffs' case and of the evidence, defendant filed motions for directed verdicts. Acting under Rule 50 (b), 28 U.S.C.A. the court denied the motions and submitted the issues of negligence and contributory negligence to the jury. Subsequent to the trial and the verdict, defendant filed a motion to set aside the verdict and to grant to defendant a judgment notwithstanding same. These motions are to be considered together, since the same legal principles are applicable thereto. Defendant has also filed an alternate motion for a new trial. This motion is to be considered separately inasmuch as it deals with different legal precepts.

We wish first to discuss the motions for a directed verdict and for a judgment notwithstanding the verdict. No civil engineer would start out on a survey without first finding out how far the survey was to extend. It is just as essential and just as much a time-saver to define in advance the outer limits of the area to be considered in disposing of these motions.

The law applicable to the pending motions has been well set out by the Fifth Circuit Court of Appeals in a case considered on appeal from the Western District of Louisiana (Judge Benjamin C. Dawkins, Sr., Trial Judge). The language and citation follow:

As this court has pointed out, a motion for a directed verdict or for a judgment notwithstanding the verdict can be granted only when there is no evidence which, if believed, would authorize a verdict against the movant, while the district judge may grant a new trial when he thinks the verdict is wrong, though supported by some evidence. Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498, 500." Audirsch v. Texas & Pacific Ry. Co., 5 Cir., 195 F.2d 629, at page 630.

This presents only one issue before the court. The question is one of law only; whether there is only evidence, which, if believed, would authorize a verdict

against defendant. The motion to set aside the verdict and the motion for a directed verdict, on which decision was postponed, are to be subjected to the same test.

Defendant is therefore faced with the problem of demonstrating an all-inclusive negative. It must show that in all the record there is no evidence which, if believed, would justify the verdict. On the other hand, from the standpoint of plaintiff, the pointing out by page and line of specific evidence is all that is needed to prove the existence of some evidence on which the verdict was authorized.

The Supreme Court of the United States has expressed this point clearly in a decision also interesting for its emphasis on the point that the drawing of inferences of fact is a part of the fact-finding process. In Tennant v. Peoria & Pekin Union R. Co., 321 U.S. 29, 64 S.Ct. 409, 412, 88 L.Ed. 520, the Supreme Court considered a case involving the questions whether the defendant was negligent and whether such negligence was the proximate cause of the fatal accident. No one knew exactly how Harold Tennant, a railway switchman, had been killed by the train. The jury's verdict was, therefore, based on inferences from the proven facts. The Court of Appeals thought other inferences as to the deceased employee's position and conduct prior to the fatal accident would have been more reasonable. The Court of Appeals declared that there was no substantial proof that the defendant's negligence was the proximate cause of Tennant's death. On certiorari, the Supreme Court summed up as follows:

"It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 571, 572, 10 S.Ct. 1044, 1049, 34 L.Ed. 235 [241, 242]; Tiller v. Atlantic Coast Line R. Co., supra, 318 U.S. [54] 68, 63 S.Ct. [444] 451, 87 L.Ed. [610] 618, 143 A.L.R. 967; Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444 [1447, 1448]. That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.

"Upon an examination of the record we cannot say that the inference drawn by this jury that respondent's negligence caused the fatal accident is without support in the evidence. Thus to enter a judgment for respondent notwithstanding the verdict is to deprive petitioner of the right to a jury trial. No reason is apparent why we should abdicate our duty to protect and guard that right in this case. We accordingly reverse the judgment of the court below and remand the case to it for further proceedings not inconsistent with this opinion.

"Reversed".

The identical situation came up in the Fifth Circuit in Huff v. Louisville and Nashville R. Co., 198 F.2d 347, 348, decided July 24, 1952. Here, see what the Fifth Circuit said in the Huff case:

"Summary judgment is not authorized to cut litigants off from

their right of trial by jury if there is any genuine issue for the jury's determination. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Chappell v. Goltsman, 5 Cir., 186 F.2d 215, 218. Where negligence may reasonably be inferred even from undisputed facts, it is for the jury to say whether negligence shall be so inferred."

From the foregoing authorities, we may advance this summary of the viewpoint of the federal courts on motions such as here in issue (except the motion for a new trial):

The Fact-Finding Power belongs to the Jury, and this Power includes the determination of all Questions of Fact, and the drawing or rejection of inferences from the facts. Both Negligence and Proximate Cause are for the Jury to Find or Reject, and the finding of the jury are not to be disturbed wherever they rest upon some evidence, or upon a reasonable inference or conclusion based upon some evidence. Neither Conflicting Evidence nor Conflicting Inferences are to be re-weighed or considered by the Trial Judge in testing the verdict. The sole question in testing the verdict is whether there is any evidence in the record, or any reasonable inference from any evidence in the record, which, if believed, would authorize a verdict against Defendants.

### Analysis of Evidence

As Previously noticed, it is appropriate for plaintiff to point out specific evidence in support of the evidence, since they need only show that there was *some* evidence, while on the other hand, the defendant is faced with the problem of proving the all-inclusive negative— that there is no evidence upon which a reasonable man or woman on the jury would have been justified in finding for plaintiffs.

It is respectfully submitted that there was ample justification for the following findings of fact based on substantial evidence and inferences therefrom:

(1) That the engineer did not see the automobile until he struck it.[1]

(2) That the engineer, by the use of reasonable care, should and could have discovered the perilous situation of the car in time to have avoided the collision.

(3) If the engineer had kept a constant look-out he might have applied his brakes sooner and the resultant slowing of the train would have permitted the automobile to cross safely. The jury could have based this conclusion on the fact that the car came so near to escaping.

(4) That defendant's employees were negligent, and that this negligence was the proximate cause of the death of plaintiffs' son.

(5) That there had been several near accidents at this crossing.

(6) That the crossing where the accident occurred was more than ordinarily hazardous.

(7) That the defendant failed to provide adequate warning to the traveling public under the prevailing conditions that existed at this crossing.

(8) There was no proof to show that the passenger should or could have seen the train from his position in the automobile.

(9) That there was no proof of independent contributory negligence on the part of the deceased who was a guest in the car.

(10) That deceased was not guilty of such independent negligence as would bar his recovery.[2]

---

1. See the testimony of L. C. Cole, J. A. Lacaze and Ed Fontenot as to Spiller's admission. Those witnesses were flatly contradicted by Spiller, the engineer and by Mr. Mhire, but the credibility of witnesses is peculiarly for the jury.

2. It is of course the duty of travelers on the highway to exercise reasonable care for their own safety. There is no proof here at all that the deceased was guilty of contributory negligence. He was a guest, with no control over the car. The

■ The court has considered cases cited by counsel for each side. A careful reading of the cases involving crossing accidents and the law of negligence shows that, as in other fields of negligence, exactly similar facts in more than one case are practically non-existent. Once negligence, or the absence of negligence, represents a conclusion or finding based upon all the relevant facts in a given case, it is obvious that since a single relevant fact appears in one case which does not appear in exactly the same way in another case, the result in the one will not necessarily be the result in the other. In this connection, one further distinction should be noted: It is that in Louisiana the appellate courts review the judgments of the lower courts both on the facts and the law. Hence, in appraising these Louisiana decisions, only those decisions on questions of law are applicable in the federal courts. A good explanation of this point was given by the Fifth Circuit Court of Appeals in Wright v. Paramount-Richards Theatres, Inc., 198 F.2d 303, 306. In that case the court said:

"In Louisiana state courts, the right to trial by jury guaranteed by the Seventh Amendment of the United States Constitution does not exist. The Louisiana Code of Practice of 1870 provides for jury trials in certain civil cases; but appellate courts have the right and duty to review both the law and the facts in all civil cases. La. Constitution of 1921, Art. 7, Sec. 10.

"Federal courts are forbidden by the Seventh Amendment to re-examine any fact tried by a jury otherwise than according to the rules of the common law, while Louisiana state courts can review the facts in all civil cases. As a consequence of that situation, in civil jury cases federal courts evaluating decisions of Louisiana state courts as precedents have the difficult task of separating the decisions of the Louisiana courts on the law from their review of the facts."

■ For the reasons heretofore stated, the motions for directed verdicts and the motion for a judgment notwithstanding the verdict are denied.

## Motion For A New Trial

The court appreciates the clear distinction between its power to set aside a verdict and grant a judgment notwithstanding the verdict, and its power to grant a new trial. Marsh v. Illinois Central R. Co., 5 Cir., 1949, 175 F.2d 498; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1944, 122 F.2d 350, 351; Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

■ This authority to grant a new trial must be exercised cautiously, for if only those verdicts were to be undisturbed with which the trial judge concurred, trial by jury would then be an artificial formality. If I had acted as a trier of the facts in this case, I would have reached a different result, but this is not the question before me on the pending motion for a new trial. The question is not what I would have done had I been a member of the jury, or what a Louisiana trial court sitting without a jury would have done, or even what the Supreme Court of Louisiana would have done in reviewing both the law and the facts. The question before me is: Is the verdict clearly or decidedly against the weight of the evidence? I Do Not Think So. I am not free to re-weigh the evidence and set aside the verdict and grant a new trial merely because I feel that other results are more reasonable.[3]

---

concurrent negligence, if any, of the driver of the car, cannot be attributed to him. Atlantic Coast Line R. Co. v. Freeman, 5 Cir., 193 F.2d 217. Attention is also invited to the case of De Loach v. Louisiana & A. R. Co., 5 Cir., 1954, 210 F.

2d 921. There, the wife and minor son of a driver who was guilty of the grossest negligence were permitted to recover against the railroad.

3. Caldwell v. Southern Pac. Co., D.C., 71 F.Supp. 955; Lyophile-Cryochem Corp.

In the exercise of the discretion and in reviewing the evidence of the overall setting of the trial, the court has decided to abstain from interfering with the verdict, because I do think that the issues here involved are issues upon which reasonable minds might differ as to the conclusions to be drawn from the conflicting facts presented. The motion for a new trial is denied.

Thus Done and Signed on this the 20th day of December, 1954 at Lake Charles, Louisiana.

v. Cutter Laboratories, D.C., 78 F.Supp. 903; Grobengieser v. Clearfield Cheeso Co., D.C., 94 F.Supp. 402; De Vito v.

United Air Lines, D.C., 98 F.Supp. 88; Peterman v. Indian Motorcycle Co., 1 Cir., 1954, 216 F.2d 289.