## Hayes v. Swenson

*William Joyce McTighe* and *Patterson, Crawford, Arensberg & Dunn*, for plaintiff.

*Van der Voort, Royston, Robb & Leonard*, for defendant.

SOFFEL, J., January 30, 1958.—This case is before the court on defendant's preliminary objections to the joinder of Julia M. Hayes, wife of Albert J. Hayes, as a party plaintiff.

On May 21, 1957, Albert J. Hayes, one of the plaintiffs, and Lloyd E. Swenson, defendant, were involved in an automobile accident. Subsequently, the instant suit was brought. Julia M. Hayes, the wife, was joined as a plaintiff although she was not involved in the accident.

Paragraph 7 of the complaint alleges, inter alia:

"By reason of the negligence of the defendant as aforesaid, the wife plaintiff had been deprived of the services, comforts, companionship and consortium of her husband, for which she claims damages against the defendant."

The question involved is whether the wife in the

instant case has a cause of action against defendant for loss of consortium, services, comforts and companionship of a husband.

The Restatement of the Law of Torts §695, states:

"A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred for medical treatment."

This was the doctrine of the common law and there is no statute in the Commonwealth of Pennsylvania which gives a wife a right of action for loss of services, earnings, companionship and affection of her living husband. A review of the Pennsylvania authorities indicates that the appellate courts of this State have never been called upon to review this question. With the exception of five lower court decisions, the matter is not governed by stare decisis. The five lower court cases are: Stedman v. Phillips, 36 Lack. Jur. 128 (1935) ; Chomko v. Butchkabitz, 53 Lack. Jur. 180 (1952) ; Faust v. Kunselman, 30 Wash. Co. 106 (1948) ; Dupe v. Hunsberger, 58 D. & C. 483 (Mont. 1946) ; and Harris v. McDermott, 87 Pitts. L. J. 287 (1939).

In 1938, Judge A. Marshall Thompson of the Court of Common Pleas, Allegheny County, held in Harris v. McDermott, 87 Pitts. L. J. 287, that a wife was not entitled to recover for loss of consortium. We quote from his opinion:

"Is a wife entitled to damages for loss of services, comfort and society and earnings of her husband resulting from malicious prosecution of him? . . . We answer this question in the negative."

Likewise, in Dupe v. Hunsberger, 58 D. & C. 483 (1946), Judge Knight of the Common Pleas Court of Montgomery County held:

"In a trespass action for a negligent injury to a husband, the wife did not have the right of action for loss of consortium."

In 23 A. L. R. 2d, p. 1378, all of the decisions in the United States and England on the precise issue are annotated. A majority of the cases here cited answer the issue in the negative.

In a recent issue of The University of Pittsburgh Law Review, vol. 18, p. 842, Marvin S. Lieber reviews and ably discusses a wife's right to a cause of action for loss of consortium. The case of Missouri Pacific Transportation Co. v. Miller, 299 S. W. 2d 41 (Ark. 1957), is cited, in which the Supreme Court of Arkansas decided that a wife does have a cause of action for loss of her husband's consortium. Only a few other progressive jurisdictions have rendered such a decision. The case of Hinnant v. Tide Water Power Co., 189 N. C. 120, 126 S. E. 307 (1925), which rejected the wife's suit to recover for loss of consortium, is considered as are similar cases.

In contrast to cases which have rejected the wife's cause of action for loss of her husband's consortium, the opposite point of view is discussed as presented by the statements of such eminent textwriters as Professor Lippman: "The Breakdown of Consortium," 30 Colum. L. Rev. 651, 672; Mr. Vernier, 3 Vernier, American Family Laws §158 (1935); and Professor Prosser, Torts §104 at 704 (2d ed. 1955). Also, the celebrated case of Hitaffer v. Argonne Co., 183 F. 2d 811 (Cir. D. C. 1950), in which a court of the District of Columbia adopted the position taken by the textwriters and allowed the wife's cause of action for loss of consortium due to negligence. The court in its opinion stated:

". . . The husband owes the same degree of love, affection, felicity, etc., to the wife as she to him. He also owes the material service of support, but above

and beyond that he renders other services as his mate's helper in her duties, as adviser and counselor, etc. Under such circumstances it would be a judicial fiat for us to say that a wife may not have an action for loss of consortium due to negligence": 183 F. 2d at 819. Mr. Lieber continues:

"Unfortunately some jurisdictions refuse to follow the reasoning of the Hitaffer case. Justice Holt in his dissenting opinion in the present case [Missouri Pacific Transportation Co. v. Miller, 299 S. W. 2d 41 (Ark. 1957)] made a statistical analysis of how recent cases have adjudicated the wife's action for loss of consortium resulting from a negligent injury to her spouse. He stated:

" '. . . It also appears that since the decision in the Hitaffer case, supra, in 1950 the common law courts in 13 of our states, 3 Federal courts and courts in England have been asked to review again the question in the light of that decision and with the exception of Georgia the doctrine in the Hitaffer case has been unanimously repudiated and the common law rule adhered to and reaffirmed . . .' 299 S. W. 2d at 50-51."

The Pennsylvania law is thus set forth by Mr. Lieber:

"While the Pennsylvania appellate courts have reviewed suits brought by the husband to recover for loss of consortium due to the negligent injury of his wife, there are only lower court decisions as to whether or not the wife has a cause of action for loss of consortium when her husband has been negligently injured. The husband's cause of action for loss of consortium has been permitted by Pennsylvania's appellate courts. Standen v. Pennsylvania Railroad Co., 214 Pa. 189, 63 Atl. 467 (1906); Hewitt v. Pennsylvania Railroad Co., 228 Pa. 397, 77 Atl. 623 (1910); Potts v. Guthrie, 282 Pa. 200, 127 Atl. 605 (1925) (husband recovered damages for wife's inability to bear children); Nuna-

maker v. New Alexandria Bus Co., Inc., 371 Pa. 28, 88 A. 2d 697 (1952) (reversed because of a procedural mistake in rendering a lump sum verdict).

"The lower courts of Pennsylvania prohibit the wife's action to recover for loss of consortium resulting from the negligent injury of her spouse. One trial court recognized the husband's right to recover for the negligently inflicted injuries sustained by him, but at the same time precluded the wife from collecting for the loss of her husband's society. Stedman v. Phillips, 36 Lack. 128 (1934). Accord, Chomko v. Butchkabitz, 53 Lack. 180 (1952). Other lower courts in Pennsylvania have rejected the wife's cause of action on the grounds that: (1) There is too much authority denying the wife a cause of action for loss of consortium; and, (2) while the married women's statute, the Act of June 8, 1893, P. L. 344, §3, as amended by the Act of March 27, 1913, P. L. 14, §1, Purdon's Pa. Sta. Ann. tit. 48, §111 (1930), has enabled the wife to sue in a civil action it has not changed the common law rule that only a husband has a cause of action for loss of consortium due to a negligent injury. Harris v. McDermott, 53 York 75 (1939); Dupe v. Hunsberger, 58 D. & C. 483, 485 (Mont., 1946); Faust v. Kunselman, 30 Wash. 106 (1948).

"Fortunately the Pennsylvania Supreme Court will not be bound by stare decisis in determining whether the wife may also have a cause of action for loss of consortium due to the negligent injury of her husband. Too many courts ignore the married women's acts and reject the wife's action merely because she did not have such a cause of action at common law, and yet continue to grant the husband redress for the same wrong. As the author of a Note in the University of Pittsburgh Law Review aptly states:

" ' . . . No fault can be found with the assertion regarding her inability at common law. But it is wholly

unsound, in view of the sweeping and fundamental changes manifested by the married women's acts, to deny the wife's right on the basis of authorities decided centuries before the acts were ever contemplated . . .' Note, 12 U. Pitt. L. Rev. 245, 247 (1951).

"When the Pennsylvania Supreme Court is confronted with a case where a wife sues for loss of consortium it should reject the antiquated reasoning that the wife is inferior in the eyes of the law and allow the wife a cause of action for the loss of her husband's consortium, as have other progressive jurisdictions in this country."

With the conclusion reached in this discussion, this court is in accord, believing firmly that: "What is sauce for the gander is sauce for the goose."

The preliminary objections will be overruled.

### Order

And now, to wit, January 30, 1958, it is hereby ordered, adjudged and decreed that the preliminary objections of defendant are overruled.

Eo die exception noted and bill sealed.